## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of:

MELVIN L. SMOTHERS, SR.,                    Case No. 18-22167-dob
(Social Security No. ***-**-3847)           Chapter 13
                                            Hon. Daniel Opperman
And

TANJA L. SIMPSON-SMOTHERS
(Social Security No. ***-**-0898)


        Debtors.
_____/

MICHIGAN UNEMPLOYMENT                       Adversary Proceeding No.
INSURANCE AGENCY,                           19-    -dob
                                            Hon. Daniel Opperman
        Plaintiff,

v.

MELVIN L. SMOTHERS, SR.,

        Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF DEBT AND FOR JUDGMENT

The Michigan Unemployment Insurance Agency (Agency), by and

through its attorneys, Dana Nessel, Attorney General, and Shannon W.

Husband, Assistant Attorney General, requests this Court rule that the

Debtor's debt to the Agency is nondischargeable under 11 U.S.C. §

1

523(a)(2) and *Cohen v. de la Cruz*, 523 U.S. 213, 220-221 (1998), and in support states that:

1. This action arises under 11 U.S.C. § 523 and is an Adversary Proceeding under Fed. R. Bank. P. 7001(6).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. This Adversary Proceeding relates to a Chapter 13 case, In the Matter of Melvin L. Smothers, Sr. and Tanja L. Simpson-Smothers, case no. 18-22167-dob, pending in the Bankruptcy Court for the Eastern District of Michigan.

4. This Court has jurisdiction to hear and decide this matter under 28 U.S.C. § 1334.

5. Plaintiff is an agency of the State of Michigan established by the Michigan Employment Security Act, Mich. Comp. Laws § 421.1, et seq.

6. Defendant Melvin L. Smothers, Sr. filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code in this Court on November 14, 2018.

7. The deadline for filing a Complaint for Dischargeability of a Debt is February 11, 2019.

8.     Defendant received unemployment benefits for the weeks ending February 21, 2015 through April 25, 2015.  (See Agency (re)determinations, Exhibit A.)

9.     In Administrative (Re)determinations dated May 21, 2015, the Agency found Defendant ineligible to receive unemployment benefits because was working and earning wages.  (See Agency (re)determinations, Exhibit A.)

10.     The Agency further found that Defendant committed fraud by intentionally misleading and/or concealing information to obtain benefits Defendant was not entitled to receive when he failed to disclose his work status and/or earnings while he was collecting benefits.   (See Agency (re)determinations, Exhibit A.)

11.     On July 24, 2017, the Agency conducted a rereview and affirmed the May 21, 2015 Administrative (Re)determinations.  (See Agency Notices, Exhibit A.)

12.     On December 22, 2016, this Court entered a Default Judgment against Defendant regarding the same matter.  (See case no. 2016-02092-dob, Dkt. 7.)

3

13.    Mich. Comp. Laws § 421.27(c)(1), provides in relevant part that an eligible person shall be paid a weekly benefit rate with respect to any week for which the individual earns or receives no remuneration.

14.

    a.    Mich. Comp. Laws § 421.27(c)(2), provides in relevant part that an eligible person who earns or receives remuneration shall have their weekly unemployment benefit amount reduced by $0.40 for every $1.00 of remuneration earned or received during that week.

    b.    Mich. Comp. Laws § 421.27(c)(2), provides in relevant part that an eligible person who earns or receives remuneration shall have their weekly unemployment benefit amount reduced by $0.50 for every $1.00 of remuneration earned or received during that week.

    c.    Mich. Comp. Laws § 421.27(c)(3), provides in relevant part that a person who receives remuneration where the benefit and remuneration exceed 1.5 times the person's weekly unemployment benefit amount shall have their weekly

4

unemployment benefit amount reduced by $1.00 for every $1.00 of remuneration received or earned during that benefit week.

      d.      Mich. Comp. Laws § 421.27(c)(3), provides in relevant part that a person who receives remuneration where the benefit and remuneration exceed 1.6 times the person's weekly unemployment benefit amount shall have their weekly unemployment benefit amount reduced by $1.00 for every $1.00 of remuneration received or earned during that benefit week.

15.    Mich. Comp. Laws § 421.48, provides in relevant part that a person is considered eligible for unemployment benefits during a period in which the person is not employed or where the individual's remuneration is less than 1.6 times the individual's weekly benefit rate.

16.    Mich. Comp. Laws § 421.54(b), provides in relevant part that damages shall be double the amount of restitution if restitution is less than $500.00, and quadruple the amount of restitution if restitution is $500.00 or more.

17.    Mich. Comp. Laws § 421.62(a), provides in relevant part that the Agency is entitled to recover improperly paid benefits.

5

18.    Persons who receive unemployment benefits must, as a condition precedent to the receipt of benefits, certify biweekly to the Agency that during each week for which benefits are sought, they were: unemployed; available for employment, and seeking employment; or if they were employed, the amount of remuneration must be reported so that benefits may be adjusted.

19.    Defendant certified to the Agency that for each week he was a person who is receiving unemployment benefits, as a condition precedent to the receipt of benefits, and he was eligible for benefits.

20.    The Agency paid unemployment benefits to Defendant in reliance on those certifications.

21.    The Administrative Redeterminations ordered restitution of $3,260.00 in overpaid benefits and in addition, assessed a statutory fraud penalty of $10,040.00 under Mich. Comp. Laws § 421.54 due to the Defendant's false representations and failure to disclose material facts, for a total of $16,300.00.  (See Agency Exhibit A.)

6

22.     The Agency has collected $4,564.00 from the Defendant.

23.     The resulting debt to the Agency is nondischargeable under 11 U.S.C. § 523(a)(2) and *Cohen v. de la Cruz*, 523 U.S. 213, 220-221 (1998), because Defendant obtained the benefits by false pretenses.

24.     Defendant is therefore indebted to the Agency in a nondischargeable debt in the amount of: $3,260.00 in fraudulent overpaid benefits, $13,040.00 in statutory penalties, $290.44 in interest, $32.88 in administrative expenses, $350.00 in filing fees from case no. 2016-02092-dob, less $4,564.00 already collected, for a total debt of $12,409.32.

**CONCLUSION AND REQUEST FOR RELIEF**

Plaintiff requests that this Court enter an Order as follows:

A.     Defendant's debt to the Agency in the amount of $12,409.32 is nondischargeable;

B.     Defendant owes the Agency $350.00 in court costs;

C.     The Agency is entitled to a Judgment in the full amount of $12,759.32, together with all accrued interest; and

7

D.    Such other and further relief as this Court deems

appropriate.

Respectfully submitted,

Dana Nessel
Attorney General


*/s/ Shannon W. Husband*
Shannon W. Husband
Assistant Attorney General
Attorneys for Plaintiff
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, Michigan 48202
(313) 456-2200
husbands1@michigan.gov
P60352

Dated:  February 4, 2019

8