# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of:

MELVIN L. SMOTHERS, SR.,                    Case No. 18-22167-dob
(Social Security No. ***-**-3847)           Chapter 13
                                            Hon. Daniel Opperman
And

TANJA L. SIMPSON-SMOTHERS
(Social Security No. ***-**-0898)


          Debtors.
_____/

MICHIGAN UNEMPLOYMENT                        Adversary Proceeding No.
INSURANCE AGENCY,                            19-02008-dob
                                             Hon. Daniel Opperman
          Plaintiff,

v.

MELVIN L. SMOTHERS, SR.,

          Defendant.
_____/

## CONSENT JUDGMENT

The parties having stipulated to the resolution of this adversary

proceeding, and the Court being fully advised in the premises,

IT IS ORDERED that Defendant's debt to the Plaintiff in the amount of **$12,409.32** is nondischargeable under 11 U.S.C. § 523(a)(2) and *Cohen v. de la Cruz*, 523 U.S. 213, 118 S. Ct. 1212 (1998).

IT IS FURTHER ORDERED that Plaintiff is awarded $350.00 in filing fees.

IT IS FURTHER ORDERED that judgment is entered in the amount of **$12,759.32** for the nondischargeable debt plus filing fees ("Judgment Amount").

IT IS FURTHER ORDERED that the parties agree to a consent amount of **$2,979.32** (consisting of $3,260.00 in restitution, $3,260.00 in penalties, $32.88 in administrative expenses, $290.44 in interest, and $350.00 in filing fees in this case, $350.00 in filing fees from case no. 2016-02092-dob, less $4,564.00 already collected) ("Consent Amount").

IT IS FURTHER ORDERED that **$2,979.32** of the Consent Amount shall be classified as a Class 8 debt and paid in full through the Chapter 13 Plan.

IT IS FURTHER ORDERED that after the Chapter 13 Plan is completed, or terminated for any reason including but not limited to

dismissal or conversion (the "End Date"), if any portion of the Consent Amount remains unpaid, the Defendant shall make timely and consistent payments of $200.00 per month until the Consent Amount is paid in full. Defendant's payments shall start no later than 30 days after the Chapter 13 Plan End Date, and shall be paid monthly at the beginning of each month until the Consent Amount is paid in full.

IT IS FURTHER ORDERED that Defendant shall send checks or money orders made payable to the "State of Michigan" to the following address:

> State of Michigan
> Unemployment Insurance Agency-Restitution
> Dept. #771760
> P.O. Box 77000
> Detroit, MI 48277-1760

IT IS FURTHER ORDERED that, after the Chapter 13 Plan End Date, future statutory interest will accrue on the restitution portion of the Judgment Amount at a rate of 1 percent per month under Mich. Comp. Laws § 421.15, until the restitution owed is paid in full, or until the interest is capped at 50 percent of the amount of restitution, as provided in Mich. Comp. Laws § 421.15.

IT IS FURTHER ORDERED that, after the Chapter 13 Plan End Date, in addition to the monthly payments made by Defendant pursuant to this Consent Judgment, Plaintiff may also pursue any collection methods provided for in the Michigan Employment Security Act, including, but not limited to, recouping future unemployment benefits Defendant is eligible to receive and recouping and/or intercepting Defendant's federal and state tax refunds for payment toward the Consent Amount. Any failure to recoup benefits and intercept tax refunds is not a waiver of the right to pursue such collection methods.

IT IS FURTHER ORDERED that, if the Consent Amount is paid in full and without uncured default in accordance with the terms set forth above, the Judgment Amount shall be deemed satisfied in full, as a full accord and satisfaction, and Plaintiff will cancel the balance between the Judgment Amount and the Consent Amount.

IT IS FURTHER ORDERED that, if the Defendant fails to make any applicable post-Plan payments in accordance with the terms of this Consent Judgment, Defendant shall be considered to be in default, and Plaintiff shall serve a notice of default by first-class mail upon

4

Defendant. Defendant shall then have 15 days from the mailing date of the notice to cure such default. If Defendant does not cure the default, the Judgment Amount (minus any payments made) will be accelerated, and Plaintiff may collect the balance of the Judgment Amount through any and all methods allowed under the Michigan Employment Security Act, Mich. Comp. Laws § 421.1, *et seq.,* including but not limited to liens, garnishments, levies, attachments, recoupment of future unemployment benefits, and interception of federal and state tax refunds.

IT IS FURTHER ORDERED that the mailing of correspondence, including but not limited to monthly statements and notices, by Plaintiff to Defendant shall not be a breach by Plaintiff of any term or condition, express or implied, of this Consent Judgment, of the automatic stay pursuant to 11 U.S.C. § 362, or of the permanent injunction pursuant to 11 U.S.C. § 524. Defendant agrees to make a good faith effort to resolve any issues arising under this Consent Judgment by first contacting both Plaintiff and Plaintiff's counsel.

5

IT IS FURTHER ORDERED that Plaintiff may mail or otherwise provide a copy of this Consent Judgment, upon entry of same by the Court, directly to the Defendant.

**Signed on June 20, 2019**



/s/ **Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**